UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| AZ WEALTH BIG SPRINGS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> THIRD COAST INSURANCE CO., <br><br> Defendant. | No. 1:23-CV-223-H |

### ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF THE MAGISTRATE JUDGE AND OVERRULING THE PLAINTIFF'S OBJECTIONS

Before the Court are the Findings, Conclusions, and Recommendations (FCR) of United States Magistrate Judge John R. Parker (Dkt. No. 47). Judge Parker recommends granting in full Third Coast Insurance Company's (Third Coast) motion for summary judgment (Dkt. No. 33) on AZ Wealth Big Springs, LLC's (AZ Wealth) claims. Judge Parker also recommends denying Third Coast's motion to strike and exclude expert opinions and testimony (Dkt. No. 32) and AZ Wealth's motion for partial summary judgment (Dkt. No. 20). The plaintiff timely objected to the FCR (Dkt. No. 48).

As a threshold issue, the Court finds that the defendant has produced sufficient evidence to establish that the parties are completely diverse and, thus, that the Court has subject-matter jurisdiction. Turning to the merits, the Court overrules the plaintiff's objections and adopts the FCR in full. Thus, the Court grants Third Coast's motion for summary judgment on AZ Wealth's claims, denies Third Coast's motion to strike and exclude and AZ Wealth's motion for partial summary judgment as moot, and dismisses the action with prejudice.

1.  **Factual and Procedural Background**

    A.  **Factual Background**

Third Coast issued AZ Wealth an insurance policy that covered certain losses occurring between November 2, 2020, and November 2, 2021, at the commercial property located at 801 W. Marcy Drive, Big Spring, Texas 79720. *See* Dkt. No. 33-1 at 1–78. This dispute stems from a claim that AZ Wealth filed on August 4, 2021, for losses allegedly caused by a hailstorm on March 13, 2021. *See generally* Dkt. Nos. 1-6; 25-1 at 1–12.

When Third Coast received the claim at issue, it assigned it to a claim manager with its third-party administrator, Strata Claims Management, LLC (Strata), who then assigned it to an independent adjuster, Engle Martin & Associates (Engle). Dkt. Nos. 25-1 at 2–3; 33-2 at 1. On August 25, Engle's field adjuster, Bryan Chambers, inspected the property alongside the public adjuster, Mike Brasberger, and an engineer retained by the plaintiff as an expert in causation, Tom Witherspoon. Dkt. No. 25-1 at 6–7; *see also* Dkt. No. 33-3 at 3. After some back-and-forth between Strata and Engle regarding the proper replacement cost value for the damage to the property, Engle provided an estimate on September 21. *See* Dkt. No. 25-1 at 40–57. Throughout this process, the parties listed the "date of loss" as March 13, 2021. *See, e.g., id.* at 6, 43.

On October 4, Strata sent the plaintiff a letter stating that "further investigation [was] needed" to "determine the cause of the damage." *Id.* at 59. The letter also stated that, "[b]ased on the late reporting of this loss[,] there is some concern if coverage exists for some or all the claimed damage." *Id.* More specifically, "there [were] questions and concerns regarding the extent of damage, when the reported storm may have occurred, and if the

damage resulted from a Covered Cause of Loss as defined in [the plaintiff's] Policy." *Id.* In this letter, Strata listed the date of loss as March 13, 2021. *Id.*

The parties communicated over the course of several months about coverage, pricing, and loss issues irrelevant to the current objections. *See generally* Dkt. Nos. 25-2 to 25-4. Although the parties continued to dispute the amount owed under the policy during these communications, Third Coast ultimately made four payments to AZ Wealth totaling $575,659.32, the last of which occurred in September 2022. *See* Dkt. Nos. 25 at 12; 25-6 at 1–4; 33-2 at 18–19.

## B.  Procedural History

AZ Wealth sued Third Coast in state court in October 2023, asserting a breach of contract claim and extra-contractual claims for violations of the Texas Insurance Code and the duty of good faith and fair dealing. *See generally* Dkt. No. 1-6. Soon after, Third Coast removed the case to this Court based on diversity jurisdiction. Dkt. No. 1.[1] The Court referred the suit to Magistrate Judge John R. Parker for pretrial management and a report and recommendation on any dispositive motions. Dkt. No. 6.

Pending before the Court are both parties' motions for summary judgment (Dkt. Nos. 20; 33) and Third Coast's motion to strike certain expert testimony (Dkt. No. 32). All motions are fully briefed and ripe for review. *See* Dkt. Nos. 25; 28; 34; 37; 39; 40. Judge Parker issued an FCR on all pending motions on August 18, 2025. Dkt. No. 47.

---

[1] In support of its initial notice of removal, Third Coast submitted AZ Wealth's Texas Franchise Tax Public Information Report, which identifies Rebecca Stuelpnagel, a Texas citizen, as the sole member of AZ Wealth, an LLC. Dkt. No. 1-8. Third Coast has since revised its notice of removal and provided the unsworn declaration of its Corporate Secretary, which states under penalty of perjury that Third Coast is incorporated in Wisconsin and has its principal place of business in Michigan. Dkt. Nos. 44; 44-1; 44-2; 46.

In the FCR, Judge Parker first determined that, at the summary-judgment stage, Third Coast has submitted sufficient evidence of complete diversity and that the amount in controversy exceeds $75,000, and, thus, the Court has subject-matter jurisdiction. *Id.* at 2–4.

Next, Judge Parker considered Third Coast's motion to strike the supplemental declarations of AZ Wealth's experts, Tom Witherspoon and Art Boutin. *See* Dkt. Nos. 32-9; 32-10. Judge Parker recommends that, if the Court agrees with the recommendation to grant Third Coast's motion for summary judgment in full, it deny Third Coast's motion to strike as moot. Dkt. No. 47 at 27. Alternatively, if the Court reaches the merits of the motion, Judge Parker recommends that the Court deny the motion. *Id.*

On the merits of Third Coast's motion for summary judgment, Judge Parker first determined that the concurrent-cause doctrine applies and that AZ Wealth has the burden to segregate insured losses from uninsured losses. *Id.* at 30–33. Judge Parker then concluded that AZ Wealth failed to meet this burden because it did not provide either: (1) evidence that the March 13, 2021, storm was the sole cause of the alleged loss; or (2) evidence that provides a jury a reasonable basis on which to segregate damages. *Id.* at 33–44. Based on these determinations, Judge Parker recommends that the Court grant summary judgment in favor of Third Coast on AZ Wealth's breach of contract claim. *Id.* at 44. Moreover, Judge Parker recommends that the Court grant summary judgment on AZ Wealth's extra-contractual claims because such claims are premised on AZ Wealth's incorrect assertion that the policy covered the alleged losses, and AZ Wealth has not asserted an injury independent of these losses. *Id.* at 44–46. Finally, because Judge Parker recommends granting AZ Wealth's motion for summary judgment, he further recommends that the Court deny as moot AZ Wealth's motion for partial summary judgment. *Id.* at 46.

Alternatively, Judge Parker recommends that the Court deny the motion because genuine issues of fact remain as to AZ Wealth's claims under the Texas Prompt Payment Act. *Id.* at 46–53.

The plaintiff timely objected to the FCR on August 26, 2025 (Dkt. No. 48), and the defendant responded (Dkt. No. 49). The objections are ripe for consideration.

## 2. Legal Standards

### A. Review of the Magistrate Judge's Recommendations

When a party files objections to a Magistrate Judge's recommendations, the Court must review those objected-to portions de novo. *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 646 (5th Cir. 1994); 28 U.S.C. § 636(b)(1). As for portions where no specific objections are filed within the 14-day period, the Court reviews the Magistrate Judge's findings and recommendations only for plain error. *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020).

### B. Summary Judgment

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute of material fact exists if a reasonable jury could enter a verdict for the non-moving party." *Doe v. Edgewood Indep. Sch. Dist.*, 964 F.3d 351, 358 (5th Cir. 2020). The moving party "bears the initial responsibility of demonstrating the absence of a genuine issue of material fact," *Jones v. United States*, 936 F.3d 318, 321 (5th Cir. 2019) (cleaned up) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)), and "identifying those portions of [the record] which it believes demonstrate [that] absence." *Celotex Corp.*, 477 U.S. at 323.

In evaluating a summary-judgment motion, the Court draws all reasonable inferences in the light most favorable to the nonmoving party. *Darden v. City of Fort Worth*, 880 F.3d 722, 727 (5th Cir. 2018). However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis in original). "A fact 'is material if its resolution could affect the outcome of the action.'" *Dyer v. Houston*, 964 F.3d 374, 379 (5th Cir. 2020) (quoting *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 134 (5th Cir. 2010)). The Court must consider materials cited by the parties, but it may also consider other materials in the record. Fed. R. Civ. P. 56(c)(3).

"Where the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 301–02 (5th Cir. 2020) (quoting *In re La. Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2017)). The movant, however, does not need to "*negate* the elements of the nonmovant's case." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017) (emphasis in original) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)). "If the moving party fails to meet [its] initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quoting *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001)).

When the moving party has met its burden, "the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings." *Duffie v.*

*United States*, 600 F.3d 362, 371 (5th Cir. 2010). Rather, the nonmovant must identify specific evidence in the record and articulate how the evidence supports its claim. *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014); *see also* Fed. R. Civ. P. 56(c)(1)(A). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (quoting *Little*, 37 F.3d at 1075). Additionally, Rule 56 does not impose a duty on the Court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).

"A failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," summary judgment must be granted. *Celotex*, 477 U.S. at 322–23. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288 (1968)).

### 3.   Analysis

As a threshold matter, the Court finds that it has subject-matter jurisdiction over the suit. Next, the Court overrules the plaintiff's objections and adopts the FCR in full.

Therefore, the Court grants the defendant's motion for summary judgment. Because the Court grants the defendant's motion for summary judgment in full, it denies the defendant's motion to strike and exclude and the plaintiff's partial motion for summary judgment as moot.

### A. The Court finds no plain error in the unobjected-to portions of the FCR and thus adopts those portions of the FCR.

The plaintiff does not object to Judge Parker's recommendations that the Court: (1) find that it has subject-matter jurisdiction over the suit, Dkt. No. 47 at 2–4; (2) deny Third Coast's motion to strike and AZ Wealth's partial motion for summary judgment if not mooted by the Court's ruling on Third Coast's motion for summary judgment, *id.* at 6–27, 46–53; and (3) apply the concurrent-cause doctrine, *id.* at 31–33. The Court has reviewed these unobjected-to portions of the FCR for plain error. Finding none, the Court accepts and adopts these portions of the FCR and, after also reviewing the evidence of the parties' citizenship, concludes that it has subject-matter jurisdiction over this suit.

### B. The Court overrules the plaintiff's objections and adopts the FCR in full.

#### i. The parties' apparent agreement after the August 2021 inspection that all roofs required replacement is not tantamount to evidence that the March 2021 storm was the sole cause of the alleged damage.

The plaintiff first objects to Judge Parker's conclusion that AZ Wealth has not met its burden under the concurrent-cause doctrine to either provide evidence of a sole cause of the damage or a reasonable basis upon which a jury could segregate covered and non-covered losses. *See* Dkt. No. 48 at 1–2.

Under the concurrent-cause doctrine, "when covered and non-covered perils combine to create a loss, the insured is entitled to recover that portion of the damage caused solely by the covered peril." *Advanced Indicator & Mfg., Inc. v. Acadia Ins. Co.*, 50 F.4th 469,

477 (5th Cir. 2022) (quoting *Dall. Nat'l Ins. Co. v. Calitex Corp.*, 458 S.W.3d 210, 222 (Tex. App. 2015)). And "[b]ecause an insured can recover only for covered events, the burden of segregating the damage attributable solely to the covered event is a coverage issue for which the insured carries the burden of proof." *Id.* (quoting *Dall. Nat'l Ins. Co.*, 458 S.W.3d at 222). The insured's failure to carry this burden is "fatal to recovery." *Id.* (quoting *Dall. Nat'l Ins. Co.*, 458 S.W.3d at 223).

The Court recognizes that, "[a]s the Fifth Circuit in [*Frymire Home Services, Inc. v. Ohio Security Insurance Co.*, 12 F.4th 467 (5th Cir. 2021)] noted, Texas courts are not clear on the question of whether an insured can satisfy its allocation burden with 'evidence suggesting that the covered peril caused the entirety of the loss.'" *Bible Baptist Church v. Church Mut. Ins. Co.*, No. 2:21-CV-093, 2023 WL 1931912, at *6 (N.D. Tex. Jan. 18, 2023) (quoting *Frymire*, 12 F.4th at 472), *report & recommendation adopted by* No. 2:21-CV-093, 2023 WL 1931350 (N.D. Tex. Feb. 10, 2023). But Texas law is clear that, "when a loss is caused by both covered and non-covered perils, an insured must present 'some evidence' to attribute the loss to just the covered peril." *Frymire*, 12 F.4th at 471 (quoting *Lyons v. Millers Cas. Ins. Co. of Tex.*, 866 S.W.2d 597, 601 (Tex. 1993)). "If the insured falls short of meeting this burden, the insurer is entitled to summary judgment." *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.*, 892 F.3d 167, 170 (5th Cir. 2018). However, "if the same evidence that supports the plaintiff's argument that a covered cause created some of the loss also supports a finding that the covered cause created all of the damage, a plaintiff's claim should not be dismissed." *Buttross v. Great Lakes Ins. SE*, No. 1:22-CV-086, 2024 WL 50421, at *7 (N.D. Tex. Jan. 4, 2024) (Hendrix, J.).

In a factually similar case, the Fifth Circuit affirmed a district court's grant of summary judgement "because the record lacked reliable evidence permitting a jury to determine which of [multiple] storms—alone or in combination—damaged the [property]." *Lowen Valley*, 892 F.3d at 170–71. The Fifth Circuit rejected two pieces of evidence cited by the insured: (1) a note from the plaintiff's adjuster that "did not question the date of loss" provided by the insurance agent; and (2) an engineering report twice referring to a particular storm as the "most likely" cause of the asserted damage. *Id.* at 171. Critical here, the Fifth Circuit rejected the engineering report identifying a particular storm as the "most likely" cause of the damage as evidence that would give the jury a reasonable basis on which to allocate damages in light of the "undisputed evidence of several hail events outside the coverage period" that could have contributed to the damage. *Id.* at 172.

In its first objection, the plaintiff contends that both parties' experts determined that "all the roofs required replacement because of storm damage from the March 13, 2021, storm" and that this is sufficient evidence that the March 13, 2021, storm was the sole cause of the asserted covered losses. Dkt. No. 48 at 3–7. In support of this argument, AZ Wealth cites to the following summary-judgment evidence:

- the New Loss Assignment Form from Strata to Engle asked the Engle adjuster to, among other tasks, complete an initial report "advising of potential claim exposure, causation, damages, potential issues or concerns, use of experts, and plan of action" and "[c]onfirm [the d]ate of [l]oss," *Id.* at 4 (citing Dkt. No. 36 at 77–78);

- Chambers, Engle's adjustor, testified that the parties never disputed that the date of loss was March 13, 2021, *id.* (citing Dkt. No. 36 at 86–87);

- Engle's estimate of loss on September 7, 2021, included estimates for replacement of all roofs at the property, *id.* at 5 (citing Dkt. No. 36 at 96–102);

- Engle's subsequent estimates "never raised an issue about the March 13, 2021[,] date of loss," *id.* (citing Dkt. No. 36 at 96–144);

- When asked what he saw "as a loss [that] supported the March 13[], 2021 storm," Chambers testified that he saw "physical evidence" of "[h]ail splatter, a lot of impacts to surfaces, [and] typical stuff [adjusters] see during hail events," *id.* (citing Dkt. No. 36 at 85, 88);

- Chambers testified that, during inspection, he saw hail splatter that "was light" and "looked fairly recent," *id.* at 5–6 (citing Dkt. No. 36 at 82, 88);

- multiple proofs of loss proposed by Third Coast included March 13, 2021, as the date of loss, *id.* at 6 (citing Dkt. No. 36 at 219–22);

- AZ Wealth's adjuster emailed Strata multiple times and asked if Strata required any additional information from AZ Wealth, *id.* (citing Dkt. No. 36 at 173–76); and

- Strata emailed Chambers and asked him to use a March 2021 price list to prepare the estimate, *id.* at 7 (citing Dkt. No. 36 at 95).

Foremost, none of this evidence—taken together or individually—permits a jury to determine that the March 13, 2021, storm was the sole cause of the loss. As Judge Parker explained, "AZ Wealth's reliance on the opinions . . . that the roofs needed to be completely replaced is unpersuasive" because it "conflates whether, irrespective of coverage issues, the roofs did in fact need to be replaced . . . with whether the March 2021 [storm] was the sole cause of that need." Dkt. No. 47 at 37. Similarly, AZ Wealth's reliance on the parties' failure to dispute the date-of-loss—March 13, 2021—in their pre-suit communications does not provide evidence that creates a genuine issue of fact as to whether the asserted covered damaged occurred solely on that date. *See* Dkt. No. 47 at 37–38. And, despite AZ Wealth's assertion that *all* experts determined that the roofs needed to be replaced "because of the March 13, 2021[,] storm," Dkt. No. 48 at 3 (emphasis omitted), AZ Wealth does not point to any evidence that Third Coast's expert, Chambers, ever reached this conclusion about causation.

Instead, in its summary-judgment briefing and objections, AZ Wealth fails to cite evidence "to support that either its experts or Third Coast's adjuster ruled out as potential causes of the damage storms that occurred between the March 2021 storm and the roofs' inspections" in August 2021. Dkt. No. 47 at 38. AZ Wealth's contention that the evidence recounted above "is sufficient for a reasonable jury to allocate damage because the jury may agree with [both parties' adjusters] that all roofs need[ed] to be **replaced** because of hail damage from the March 13, 2021[,] storm" misstates the evidence. Dkt. No. 48 at 7 (emphasis in original). Chambers testimony that he saw "physical evidence" of "[h]ail splatter, a lot of impacts to surfaces, [and] typical stuff [adjusters] see during hail events" that "was light," "looked fairly recent," and was "a loss [that] supported the March 13[], 2021 storm," *id.* at 5–6 (citing Dkt. No. 36 at 82, 85, 88), does not equate to testifying that the March 2021 storm caused all the damage that necessitated replacing the roofs. In fact, when asked specifically if he determined a "specific date of loss for the hail damage that [he] observed," Chambers stated: "That's not generally possible when you're in an area inspecting like west Texas." Dkt. No. 36 at 88.

Nor does Chambers' testimony or the other evidence cited by AZ Wealth give a jury a reasonable basis on which to segregate damage caused by a covered hailstorm from damages caused by non-covered events. As Third Coast points out, *see* Dkt. No. 49 at 4, AZ Wealth's expert concedes that the property suffered other types of damage resulting from wear and tear, wind, and lack of maintenance. *See* Dkt. No. 33-9 at 10–11. This undisputed evidence of covered and non-covered events without conclusive evidence that would allow a jury to segregate the damage among these events is fatal to the plaintiff's claim. *See Lowen Valley*, 892 F.3d at 171–72. In short, Third Coast is "entitled to summary judgment because

the record lack[s] reliable evidence permitting a jury to determine which of these [events]—alone or in combination—damaged the [property]." *Id.* at 170–71. Accordingly, the Court overrules the plaintiff's first objection.

### ii. The plaintiff's expert, Boutin, did not rule out storms other than the March 2021 storm as potential causes of at least some of the claimed damage.

The plaintiff next objects to Judge Parker's finding that Boutin did not rule out the hailstorms that occurred after March 13, 2021, and before the August 2021 roof inspection as possible causes of the asserted loss. *See* Dkt. No. 48 at 8–9. According to the plaintiff, Boutin's testimony that the property manager "kept him apprised on what was going on, and [the damage was caused] by the March 2021 [storm]," Dkt. No. 33-9 at 34, combined with his review of the Hail Estimations and Hail Observation Comparison Table prepared by Third Coast, *see* Dkt. No. 33-11 at 16, allowed him to rule out the subsequent storms as possible causes.

This argument is untenable. As the defendant points out, Boutin did not have this table at the time he inspected the roofs and prepared his expert report and, thus, did not rely on it to rule out any potential causes. *See* Dkt. No. 39 at 7–8; *compare* Dkt. No. 33-10 (Boutin's expert report dated May 11, 2023), *with* Dkt. No. 33-11 (Third Coast's expert report and table dated August 26, 2024). "When an expert does not rely on cited literature to form his opinions, such 'after-the-fact' selected literature cannot support 'preexisting conclusions.'" *Johnson v. Cox*, No. 3:21-CV-3105, 2023 WL 4686435, at *11 (N.D. Tex. July 21, 2023) (quoting *Thelen v. Somatics, LLC*, No. 8:20-cv-1724, 2023 WL 3947945, at *3 (M.D. Fla. June 12, 2023)). And what is more, when asked what he knew about the April and May 2021 storms' potential to cause damage to the property, Boutin testified that these

storms were "too close in proximity" to the March 2021 storm and he could not speculate as to whether they caused such damage. Dkt. No. 33-9 at 34.[2]

Thus, AZ Wealth has not presented evidence that Boutin ruled out the hailstorms subsequent to the March 2021 storm as potential causes of damage and, thus, cannot rely on this argument as evidence that would allow a jury to determine the March 2021 storm was the sole cause of the damage. Accordingly, the Court overrules the plaintiff's second objection.

### iii. The plaintiff did not submit evidence that would provide a reasonable basis for the jury to segregate covered hail damage from damage potentially caused by excluded conditions.

Next, the plaintiff objects to Judge Parker's conclusion that the evidence provides a reasonable basis for the jury to segregate covered and non-covered damages. According to the plaintiff, the evidence that would allow a jury to find that the March 13, 2021, storm was the sole cause of the damage—the determination that all roofs needed to be replaced—also allows a jury to allocate 100% of the damages to this covered event. Dkt. No. 48 at 10. For the same reasons discussed above, the evidence AZ Wealth cites is insufficient to create an issue of fact as to whether the jury can attribute 100% of the damage to the March 13, 2021, storm. *See supra* Analysis § 3.B.i.

---

[2] Within its second objection, the plaintiff notes, without explanation, that the subsequent storms occurred during the policy coverage period. Dkt. No. 48 at 9. The plaintiff does not, however, explain the significance of this statement with respect to either the sole-cause theory or how it would provide the jury with a reasonable basis to segregate damages. "[P]arties filing objections must specifically identify those findings objected to. Frivolous, conclusive[,] or general objections need not be considered by the district court." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc)). To the extent the plaintiff is asserting a distinct objection based on this statement, because it fails to do so with specificity, the Court overrules any objection.

Additionally, the plaintiff asserts that the parties' experts segregated any damages attributable to wear, tear, or deterioration—which are excluded from the policy's coverage—by accounting for depreciation in their estimates. Dkt. No. 48 at 10. Accordingly, the jury can use these depreciation amounts as a basis to segregate non-covered damages. *Id.* In support of this argument, the plaintiff asks the Court to consider evidence of the depreciation estimates in the summary-judgment record that were "not directly cited" in the summary-judgment response before Judge Parker. *Id.* This Court has made clear that "[a]rguments that could have been raised before the magistrate judge, but are raised for the first time in an objection, are waived." *Donald W. v. O'Malley*, No. 5:23-CV-043, 2024 WL 1008533, at *1 (N.D. Tex. Mar. 8, 2024) (Hendrix, J.) (first citing *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994); and then *Firefighters' Ret. Sys. v. EisnerAmper, L.L.P.*, 898 F.3d 553, 539 (5th Cir. 2018)). Thus, because a "party's entitlement to de novo review before the [d]istrict [c]ourt upon filing objections to an FCR does not entitle h[im] to raise issues which were not adequately presented to the [M]agistrate [J]udge," the Court overrules the plaintiff's objection based on the new argument that the experts' depreciation estimates provide a reasonable basis on which a jury may segregate non-covered damages. *Id.* at *2 (alterations in original) (quoting *Linda Michelle M. v. Saul*, No. 3:19-CV-328, 2020 WL 470279, at *1 (N.D. Tex. Jan. 28, 2020)). Thus, the Court overrules the plaintiff's third objection.

### iv. The plaintiff fails to provide evidence sufficient to create a genuine issue of material fact with respect to its extra-contractual claims.

The plaintiff next requests that, if the Court denies Third Coast's motion for summary judgment on AZ Wealth's breach of contract claim, it also deny the motion as to

its extra-contractual claims. Dkt. No. 48 at 11. Because this objection is contingent on the Court sustaining the plaintiff's prior objections, the Court likewise overrules this objection.

Finally, the plaintiff asserts that, under the strict liability standard discussed in the FCR, its claims under the Texas Prompt Payment Act "should go forward as a matter of law no matter the Court's ruling on Third Coast's [motion for] summary judgment." Dkt. No. 48 at 11. The plaintiff again fails to state a specific objection or authority as to why its Texas Prompt Payment Act claims survive. *See Battle*, 834 F.2d at 421. And "[a]n 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aiello v. Collier*, No. 2:21-CV-067, 2021 WL 5494784, at *2 (S.D. Tex. Nov. 23, 2021) (quoting *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004)). Moreover, Judge Parker correctly determined that AZ Wealth's extra-contractual claims—including the Texas Prompt Payment Act claims—are premised on AZ Wealth's incorrect assertion that the policy covered the alleged losses, and AZ Wealth has not asserted an injury independent of these losses. *See* Dkt. No. 47 at 44–46. Thus, the Court overrules this final objection and adopts the FCR in full.

4. **Conclusion**

In sum, the Court overrules the plaintiff's objections (Dkt. No. 48) and adopts the FCR (Dkt. No. 47) as the findings of this Court. Accordingly, the Court grants Third Coast's motion for summary judgment in full (Dkt. No. 33) and dismisses the action with prejudice. Because the Court grants Third Coast's motion for summary judgment on all of AZ Wealth's claims, it denies as Third Coast's motion to exclude and strike (Dkt. No. 32) and AZ Wealth's motion for partial summary judgment (Dkt. No. 20).

So ordered on September 19, 2025.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE